Francis J. Ganahl, Respondent v. William Bleisner, Appellant.

June 7, 1881.

1. Where judgment is entered on a referee's report before the expiration of the time for exceptions, and is subsequently set aside, a new judgment may be entered on the same report without a new reference.

2. Where judgment is entered on a referee's report without allowing time to file exceptions, and the exceptor fails to file exceptions in disregard of the judgment, the cause should be remanded on appeal, and time be allowed him within which to file his exceptions.

Appeal from the St. Louis Circuit Court, Lindley, J.
*Reversed and remanded.*

Filkelnburg & Rassieur, for the appellant.

E. J. O'Brien, for the respondent.

Bakewell, J., delivered the opinion of the court.

This was a proceeding to restrain defendant from carrying on a business which plaintiff claimed he had contracted with him not to carry on in St. Louis, and for damages for breach of contract. The cause was referred, with directions to the referee to try all the issues. After hearing, the referee filed his report on July 1, 1879. The report was confirmed and a decree entered accordingly in favor of plaintiff, on the seventh day of July. The 4th of July is a legal holiday, and the 3rd of July, 1879, was Sunday. The defendant moved to set aside the judgment on the ground that the statutory time within which he might except to the report had not elapsed when the judgment was rendered. The court sustained this motion on December 29th, and set aside the judgment. On January 13, 1880, plaintiff moved for judgment upon the finding of the referee. On April 6, 1880, the court again confirmed the report of the referee, and rendered judgment for plaintiff.

Defendant insists that this could not be done. The statute provides (sects. 3622, 3623) that all exceptions to the report

of a referee must be filed within four days in term after the report is filed, and that, if exceptions are allowed, the matter may be again referred; but, if the report is confirmed, judgment shall be entered thereon, in like manner, and with like effect as on a special verdict.

After the first judgment had been set aside for irregularity, if exceptions had been filed and overruled by the trial court, the report of the referee might have been confirmed and judgment entered thereon without a new reference; and so it was held by this court, recently, in *Gamble* v. *Gibson, ante,* p. 327.

Appellant complains that he was, by the action of the trial court, deprived of his day in court. He should, however, have disregarded the judgment irregularly entered before the expiration of the four days allowed for filing exceptions. It would seem to follow in strictness that defendant has not been prejudiced by this action of the court, and,— as it was not the duty of the trial court to refer the case again, and no exceptions were filed, — that no error was committed by entering judgment upon the report, and that the judgment ought to be affirmed.

It is possible, however, that appellant has been misled by the action of the court. He considered that the action of the trial court in confirming the report of the referee, cut him off from filing exceptions, and that it would be useless to do so after that judgment had been set aside, as the time for filing exceptions was then passed, and exceptions filed out of time may be overruled on that ground alone.

Under the circumstances, we think it is more in accordance with our system of procedure not to affirm the judgment, but to reverse the judgment and remand the cause, with directions that appellant have four days after the cause again reaches the Circuit Court within which to file exceptions to the report of the referee. It is so ordered. All the judges concur.